## Spalding *v.* Huntington.

### In the Court below,

SOLOMON HUNTINGTON, Jun. and ANNA, his wife, late *Anna Jones, Plaintiffs;* JOHN SPALDING, *Defendant.*

The intent of the testator to give a fee-simple to A. being apparent on the face of the will, evidence dehors the will is inadmissible, to shew a different intent.

ACTION of ejectment, demanding the seizin and possession of a piece of land, lying in New-Haven, containing three acres, purchased by *Timothy Jones*, late of New-Haven, deceased, of *John Payne*. Said *Anna* claimed as sole heir at law of *William Jones*, son of said

*Timothy.* The defendant claimed under a title from *Isaac Jones*, Jun. first grand-son of said *Timothy*, by the name of *Jones*.

The question arose on the following clause in the will of said *Timothy* : " I will to *William Jones* three acres " of land I bought of *John Payne*, [the lot in question] " and four acres in my pasture ; [with several other pie- " ces] also, my house, and home-lot, and barn, and the " lot I bought of *Enos Alling*, after his mother shall have " done with it, shall be *William*, during his life, and af- " ter, to his son ; but if he should have no son, then it " shall be the first son bearing the name of *Jones*, his for- " ever, if my grand-son."

The plea of the defendant, after reciting the will, set forth certain facts, as explanatory of the testator's intent, the principal of which was, that said *William Jones* was a bankrupt, and known to be such to the devisor, and that, therefore, it was not to be presumed, that he meant to give an estate to go to the creditors of *William*.

The pleadings terminated in a demurrer ; and judg-ment was for the plaintiffs.

The general error was assigned.

*Daggett* and *W. Hillhouse*, for the plaintiff in error, contended, that a life-estate only was given, by the will, to *William Jones*, in the demanded premises. They al-so urged, that as the phrase in the will was doubtful, it was proper to resort to circumstances *dehors* the will, to explain the intent of the testator. In support of the last

C

position, the authorities cited in the margin were relied on.(*a*)

*Baldwin* and *Smith*, (of New-Haven) for the defendants in error, claimed, that as to the land in question, the will vested a fee-simple in *William*; and that the limitation in the clause respected only the house, &c. and not the former pieces of land.

THE COURT decided, that the interest of the testator, apparent on the face of the will, was to give a fee-simple to *William* in the land in question; and, therefore,

Affirmed the judgment.

(*a*) 3 *Keble* 49.
3 *Burr.* 1898, *Oates* and *Wigfall* v. *Brydon.*
6 *Rep.* 16, *Collier's case.*
2 *Ld. Raym.* 831, *Cole* v. *Rawlinson.*
1 *Bro. Ch. Ca.* 472, *Fonnereau* v. *Byntz.*
*Goldsb.* 99.
*Prec. Ch.* 71. *Cooper* v. *Williams.*
*Pow. on Dev.* 518.